## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| LAURIE BORDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-1396-D |
| | ) | |
| City of Sallisaw and Mazzio's, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff, appearing *pro se,* has filed this action in the Western District of Oklahoma, seeking damages for alleged violations of her civil rights by the City of Sallisaw, Oklahoma and a Mazzio's restaurant located in Sallisaw. Plaintiff alleges that she is a resident of Sequoyah County, and she asserts claims based on events occurring in Sallisaw, Oklahoma, located in Sequoyah County. The Complaint contains no allegations against any resident of the geographical area comprising the Western District of Oklahoma, nor does it allege that any act or omission underlying Plaintiff's claims occurred within this district or involved any property located here.

Pursuant to 28 U. S. C. § 1391, a civil action may be brought only in certain judicial districts. The statute provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U. S. C. § 1391(b)(1)-(3).  In this case, no defendant resides in this judicial district, and the allegations are based on occurrences in Sequoyah County, located in the Eastern District of Oklahoma.  There is no contention that the claims involve property located in this judicial district. Accordingly, the Complaint shows that venue is improper in the Western District of Oklahoma.

Where the Court concludes that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U. S. C. § 1406(a). Where, as here, the defendants have not yet been served, the Court may, in lieu of dismissal, *sua sponte* transfer the action pursuant to § 1406(a), if doing so is in the interest of justice. *Trujillo v. Williams,* 465 F.3d 1210, 1222 -1223 (10th Cir. 2006).

The Court concludes that, rather than dismissing this case and requiring Plaintiff to file it in the proper forum, transfer to the Eastern District of Oklahoma is proper.  Plaintiff has also filed a motion for leave to proceed *in forma pauperis* and has requested issuance of summons, and these matters should also be decided by the transferee court.

Accordingly, the Clerk of this Court is directed to take the necessary action to transfer this case to the United States District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED  this 19th day of December, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE